ROCHE v. SUPREME LODGE, KNIGHTS OF HONOR.

(Supreme Court, Appellate Division, First Department. November 12, 1897.)

ACTION ON BENEFIT CERTIFICATE—MISREPRESENTATIONS IN APPLICATION.

In an action on a benefit certificate, it appeared that the assured had represented, by way of warranty, that he had not been attended by a physician, or professionally consulted one, for two years. In fact, he had professionally consulted one within two months. The judge charged that a professional consultation within two years would not vitiate the policy, unless it related to some disease, and refused to charge generally that any professional consultation would vitiate it. *Held* error.

Patterson and O'Brien, JJ., dissent.

Appeal from trial term.

Action by Sarah Roche against Supreme Lodge, Knights of Honor. From a judgment entered on a verdict, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

W. R. Spooner, for appellant.
W. B. Donihee, for respondent.

VAN BRUNT, P. J. The defendant in this case is a mutual benefit fraternity society, and in October, 1895, it issued to one John Roche a benefit certificate by which it agreed to pay $2,000 benefit to his wife, the plaintiff, in the event of his death while in good standing. Among other conditions contained in the certificate was one whereby the statements of the assured in his petition for membership, and to the medical examiner, were made a part of the contract, and were warranted by him to be true. Among other questions answered to the medical examiner were the following:

"Q. How long since you were attended by a physician, or have professionally consulted one? A. Not for two years. Q. For what disease? A. Cold."

In March, 1896, John Roche having died, proofs of loss were made and served on the defendant; and, the amount of the benefit certificate not having been paid, this action was brought to recover the same. The defendant, in its answer setting up the above statements and warranty, alleged a breach thereof, in that the deceased had consulted a physician professionally within two months prior to the time of his petition for membership, and that the disease for which he had then professionally consulted and was attended by said physician was rheumatism. Upon the trial of the action, Dr. Henry was examined as a witness, and testified that in July, 1895, on the

10th and 22d, he attended Roche professionally at his house, and treated him for rheumatism in one of his knees.   Upon cross-examination he further testified that he did not examine Roche, and that of his own knowledge, without reference to what he saw,—objective symptoms, or anything of that kind,—he did not know that he had any rheumatism.   He further testified that, when he called, the assured told him that he was sick, and had a pain in the knee.   Other evidence was taken during the course of the trial, but it is not necessary to discuss the same, in view of the conclusion at which we have arrived.   The learned court, in submitting the case to the jury, charged as follows:

"Now, the allegation here is that, because you said you were never attended in two years by a physician, therefore this policy is void.   Well, gentlemen, I say so.   If there was any disease that he was attended for.   You are to apply the same reasoning to this as to the other.   A physician may be called to stitch up a cut, he may be called for any purpose that falls short of what you term to be a disease, without vitiating this policy; and you are to say now whether there is any proof in this case that he was ever attended by a physician for any disease within two years,—attended by a physician or consulted one within two years."

The defendant's counsel thereupon asked the court to charge that any untrue statement that applicant had not been attended by or professionally consulted a physician for over two years is a breach of the warranty, and on such untrue statement plaintiff cannot recover. The court answered:

"I refuse to charge it, unless for a medical attendance.   If the medical attendance was for some affair so trifling as not to come within the definition of disease to be treated by a physician."

An exception was duly taken to this ruling.

This seems to have been clearly error.   The question put to the assured was, "How long since you were attended by a physician, or professionally consulted one?" and the answer was, "Not for two years."   The fact of disease had nothing to do with the question. It was the professional consultation,—the consultation in regard to his physical condition.   It might be that the physician would discover that there was no disease, whereas the patient thought he had one.   Still, it would be a breach of the warranty, because there would be the professional consultation.   It is true that this question was followed by the question, "For what disease?" and the assured answered, "Cold."   But it was clearly immaterial whether he had a cold, or whether he had rheumatism, so long as the fact existed that there had been a professional consultation.   Therefore the court erred in its charge in associating the question of disease with the professional consultation.   It is urged upon the part of the respondent that because the court, at the request of the defendant's counsel, charged that the agreement in the application of the deceased constitutes a warranty, and any untrue statements made by the deceased in his application or in his statements to the medical examiner constitute a breach of the warranty, these instructions disposed of all other exceptions which concerned Roche's answers in the application and medical examiner's blank.   But we do not think that this

position is well taken. The court had repeatedly instructed the jury that they must find that there was the consultation of a physician in respect to some disease which was disclosed in the testimony, and, if there was not that consultation, there was no breach. He had already instructed the jury that the professional consultation and disease were combined in the representation, and yet he charged the jury that any untrue statements of the assured, made in his application or to the medical examiner, would constitute a breach of the warranty. The jury clearly measured these untrue statements by the standard which the court had set up for their guidance. We think that the defendant was entitled to the charge requested by it, and that it was error to refuse or qualify it in the manner in which it was done by the court.

The judgment and order must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.

RUMSEY and INGRAHAM, JJ., concur. PATTERSON and O'BRIEN, JJ., dissent.